# Wellington Swab et Ux., Plffs. in Err., *v.* A. S. Miller et Ux.

A judgment for plaintiff in an action of replevin for a piano, brought by a daughter of a decedent against the decedent's widow, based upon a claim that the piano, which had been purchased by the decedent and placed in his house, where it remained until suit brought, had been given to plaintiff by her father in his lifetime, affirmed by a divided court.

(Argued May 6, 1887. Decided May 23, 1887.)

January Term, 1887, No. 317, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Cumberland County to review a judgment on a verdict for plaintiffs in an action of replevin. Affirmed by a divided court.

This action was brought by A. S. Miller and Ella M., his wife, against Wellington Swab and Bella M., his wife, to recover possession of a piano.

The following facts appeared from the trial in the court below :

The piano in question was purchased by Ira L. Long, the father of Ella, in 1877, and was placed in his house on his farm near Shippensburg. His family at the time consisted of his wife, afterwards the wife of the defendant herein, and five children, the oldest of which was Ella M., at that time thirteen years of age. She afterwards married A. S. Miller, plaintiff in this action.

In March, 1881, Mr. Long and his family moved to Shippensburg and took the piano with them; and in July of the same year Long died. In the inventory of his estate the piano was not included, but his administrators were told that it belonged to the children.

The family continued to reside in the same house until February, 1886, when Ella, the oldest daughter, having married and moved away a short time before, issued the writ of replevin in this action. Plaintiffs claimed that the piano was a gift to Ella from her father. Defendants contended that the piano was bought by the father for all the children, to be used by them in common.

The plaintiffs gave evidence tending to prove parts of conversations of Mr. Long in which he alluded to the piano as property of his daughter Ella, calling it Ella's piano, etc. The defendant offered to prove by Bella M. Swab what was said by Mr. Long when the piano was brought into the house, and what was said when it was taken away. This was objected to on the ground that she was a party in interest, and the court answered: "We think she may testify as to what occurred since the death of Mr. Long, but do not think she would be a competent witness as to what occurred before the death."

Defendants, *inter alia,* presented the following points:

1. The presumption of law is that personal property purchased and paid for by a man in his lifetime, and found in the possession of his family, consisting of his wife and minor children, at the time of his death, belongs to his estate; and in order to vest it in his wife, or either of his minor children, it must be shown by clear and satisfactory proof that there was a gift or sale and delivery of it to such wife or child by the husband during his life. Unless the jury are satisfied by such clear and satisfactory proof, under all the evidence in the case, that Mr. Long made a gift of the piano in suit to the plaintiff during his lifetime, the verdict should be for the defendant.

*Ans.* This point we affirm. By that we mean that the law as stated in this point is correctly stated, and we instruct you as requested.

2. In order to sustain such a gift, the evidence must show clearly and satisfactorily that the husband not only delivered possession of the property to his child, the plaintiff, but he must be shown also to have used such language as not only indicates his intention to part with his possession, but also with his property in the subject of the gift. The whole evidence in this case taken together does not clearly and satisfactorily show any such language and intention; nor does it establish the fact that Mr. Long intended that the piano should be taken away from his home and out of the possession of his family, and that he and they should be deprived of the property in it; but, on the contrary, the evidence does show the ordinary action and language used by a parent toward a child when it is intended to intrust that child with that peculiar kind of ownership given by parents to little children, and which does not imply a parting with possession of the property so intrusted, nor with the right of property; the

plaintiff in this case was only thirteen years old at the time of the alleged gift.

*Ans.* We decline to affirm this point as presented, but we submit the evidence to the jury for their consideration under the instructions contained in the first point, which we have affirmed, and further instructions of the general charge.

The court charged the jury, *inter alia,* as follows:

The question for this jury to decide is: Was there a gift of this property by the father to the daughter? Because that is the only mode in which the title is alleged to have become vested in the daughter. Was there a gift, and an executed delivery? Was there an intention to give, executed by an actual delivery of the piano by the father to the daughter? No witness has been brought to the stand who can testify to a formal delivery of the piano; no one was present to hear the father say to the daughter: "Here is a piano I have bought for you; there, take it; it is yours," or something equivalent to that.

The jury, however, may infer it from other facts and circumstances. Since there has been no formal delivery proved, the only delivery that can be established is such as the jury may infer from all the evidence in the case.

Verdict and judgment for plaintiffs.

The assignments of error specified the answer to defendants' second point, the portion of the charge set out above, and the action of the court in sustaining plaintiffs' objection to the admission of evidence of Mrs. Swab.

*F. E. Beltzhoover* and *S. Hepburn, Sr.,* for plaintiffs in error.

*E. W. Biddle* and *M. C. Herman* for defendants in error.

PER CURIAM:
This judgment is affirmed, by an equally divided court.